# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-439V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LEIGH ROLSHOVEN, *as the court-*          *
*appointed Guardian and Conservator of*   *          Special Master Corcoran
HANNAH HUELSENBECK,                       *
                                          *
                  Petitioner,             *
                                          *
v.                                        *          Dated: June 26, 2018
                                          *
                                          *          Attorney's Fees and Costs.
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
                  Respondent.             *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka,* Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 22, 2014, Leigh Rolshoven filed a petition, on behalf of Hannah Huelsenbeck, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] An entitlement hearing was held on May 11-12, 2017, in Washington, DC, and on January 11, 2018, I issued my decision denying entitlement and dismissing the petition. ECF No. 67. That decision was not appealed.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner previously requested an interim award of attorney's fees and costs, which I awarded-in-part on October 19, 2017. Petitioner has now filed a final motion for attorney's fees and costs, requesting $1,776.13 for work performed from October 18, 2017 to present, representing $1,746.20 in attorney's fees for work performed by Mr. Sadaka and his staff, and $29.93 in costs related to mailing. Fees App. at 1 (ECF No. 72). In compliance with General Order #9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 71.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding fees and costs in the total amount of **$1,754.02**.

## PROCEDURAL HISTORY

A brief recitation of the procedural history of this case was provided in my decision granting interim attorney's fees and costs. *See Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 542577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017). Since that time, I issued my decision denying entitlement on January 11, 2018. *See Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2018 WL 1124737 (Fed. Cl. Spec. Mstr. Jan 11, 2018).

Petitioner filed the present request for an award of attorney's fees and costs on June 1, 2018. *See generally* Fees App. Petitioner specifically requests that her attorney, Mark Sadaka, receive $376.38 per hour for work completed in 2017 and $404.19 per hour for work completed in 2018. *Id.* at 2. For the work of paralegals, Petitioner requests compensation at the rate of $145.17 per hour for work performed in 2017 and $150.55 per hour for work performed in 2018. *Id.* Finally, Petitioner requests that Mr. Sadaka's law clerk be compensated at $155.93 per hour for work performed in 2017. Petitioner also requests $29.93 in costs relating to the mailing of documents. Exhibit 1 to Fees App. ("Ex. 1.") at 3.

## ANALYSIS

Unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, the requested fees and costs are reasonable). I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case *See, e.g., R.V. v. Sec'y of Health & Human Servs.*, No. 08–504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *See Lemaire v. Sec'y of Health & Human Servs.,* No. 13–681V, 2016 WL

5224400, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). A claim's reasonable basis involves application of objective criteria which looks to the feasibility of the claim, and not to the claim's likelihood of success. *Id.* at 4.

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Although Petitioner was not successful in pursuing her claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. As I noted in my entitlement decision for this case, I do not doubt that this claim was brought in a good-faith belief that the HPV vaccine might have had something to do with Ms. Huelsenbeck's symptoms. *Rolshoven*, 2018 WL 1124737, at *22. In addition, the claim possessed sufficient objective support to meet the second half of the reasonable basis test. Accordingly, an award of attorney's fees and costs is proper at this time.

Next I will turn to the rates requested for Mr. Sadaka, his law clerk, and his paralegals. The attorneys practicing at the law firm of Mark Sadaka, located in Englewood, New Jersey, have repeatedly been found to be "in-forum" and therefore justified to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4] Concerning Mr. Sadaka's rate for 2017, I previously awarded him this

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

amount when Petitioner applied for interim fees. *See Rolshoven*, 2017 WL 542577. However, I find his requested rate for work performed in 2018, $404.19 per hour, to be too high and incompatible with the 2018 Fee Schedule.[5] Mr. Sadaka indicates that he has been practicing vaccine cases before the Court of Federal Claims since 2005. Fees App. at 2. This places him squarely within the 11-19 years of experience range. This range, however, is bounded by a maximum rate of $396 per hour. Accordingly, I will award Mr. Sadaka $396 per hour for work performed on this case in 2018. This results in a reduction of **$22.11**. With respect to the amounts requested for paralegals and law clerks, I find these rates to be within the acceptable range prescribed by *McCulloch*, and will made no modifications.

The hours expended on this matter appear to be reasonable. The instant application for attorney's fees covers a time period from after the entitlement hearing to the present. At that point, almost all of the work had been done in the case, and therefore I would not expect there to be many hours left to bill on the matter. Indeed, the submitted record reflects that only 6.20 hours have been billed since the October 2017 award of interim fees. Ex. 1 at 2. I find this to be a reasonable amount of time to review my decision and wind down the case and therefore the time billed requires no reduction.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. In this case, Petitioner requests costs in the total of $29.93 to cover the cost of three mailings made by counsel. Ex. 1 at 3. I find these costs to be reasonable and shall award them in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's motion for attorney's fees and costs and award a total of **$1,754.02** in fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Mark Sadaka, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

---

[5] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2018 can be found at http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master